

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

LIBERTY SYNDICATES AT LLOYD'S,
ON BEHALF OF ITSELF AND OTHER
INTERESTED UNDERWRITERS AT
LLOYD'S, LONDON,

                    Plaintiffs,

   -against-

JONES HIRSCH CONNORS &
BULL, P.C., MILLER & ASSOCIATES,
P.C., and SCOTT E. MILLER, ESQ.,

                    Defendants.

-------------------------------------------------------x



Action No.:

COMPLAINT

Plaintiff, Liberty Syndicates at Lloyd's ("Liberty"), by way of Complaint against the defendants, Jones Hirsch Connors & Bull, P.C., Miller & Associates, P.C. and Scott E. Miller, Esq., state as follows:

## GENERAL ALLEGATIONS

A.    **The Parties**

    1.    Plaintiff, Liberty, is and was, at all times, a United Kingdom based insurer with its principal place of business located at 60 Great Tower Street, London EC3R 7AA, England.

    2.    Plaintiff, Liberty, is a Lloyd's of London Syndicate and sues on behalf of itself and other Lloyd's of London Syndicates, who participated in a policy of commercial general liability insurance issued to R. Design Homebuilders, Inc. (collectively "Underwriters").

3. Defendant, Jones Hirsch Connors & Bull, P.C. ("Jones Hirsch") is, and was at all times, a law firm with its principal offices located at One Battery Park Plaza, New York, New York 10004 which regularly conducts and does business in New York, New York.

4. Defendant, Miller & Associates, P.C. ("Miller Associates") is, and was at all times, a law firm with its principal offices located at One Battery Park Plaza, New York, New York 10004 which regularly conducts and does business in New York, New York.

5. Defendant, Scott E. Miller, Esq. ("Miller") is, and was at all times, a principal, partner, member and/or shareholder of Miller Associates and Jones Hirsch, who is admitted to and regularly practices in New York State.

**B.   Jurisdiction and Venue**

6. This Court has original jurisdiction over the instant action based upon diversity of citizenship and amount in controversy pursuant to 28 U.S.C. §1332(a).

7. Venue within this jurisdiction is proper as defendants maintain their offices in New York County and the acts complained of occurred in this judicial district.

**C.   Relevant Factual Allegations**

8. On or about December 1, 2005, Underwriters issued a policy of commercial general liability insurance number ML 011202 to their insured, R. Design Home Builders, Inc. (the "Liberty Policy").

9. On or about August 28, 2006, R. Design reported to Underwriters that it had been named as a defendant in a lawsuit commenced by Galo Cazho in Supreme Court of the State of New York, Queens County, under index #18085/06 (the "Cazho Action").

10. The Complaint in the <u>Cazho</u> Action alleged that Cazho had been injured while in the course of his employment by Road Runner Construction Co., a subcontractor of R. Design.

11. On or about September 16, 2006, Underwriters' third-party claims administrators, Harbin Adjustment Co. ("Harbin"), retained defendants, Miller Associates and Scott Miller as coverage counsel to advise them of their rights and obligations under the Liberty Policy vis-à-vis the <u>Cazho</u> Action.

12. The Liberty Policy contained several applicable exclusions to coverage including "Exclusion of Injury to Employees, Contractors, Subcontractors Employees of Contractors and Employees of Subcontractors" which provided that the Liberty Policy did not cover claims involving:

(i) "Bodily Injury" to any "employee" of any insured arising out of or in the course of:
    a) Employment by any insured; or
    b) Performing duties related to the conduct of any insured's business;

(ii) "Bodily injury" to any contractor, subcontractor, or any "employee" of any contractor or subcontractor arising out of or in the course of the rendering or performing services of any kin of nature whatsoever by such contractor, sub-contractor or "employee" or such contractor or subcontractor for which any insured may become liable in any capacity; or contractor or subcontractor for which any insured may become liable in any capacity; or

(iii) Any obligation of any insured to indemnify or contribute with another because of damages arising out of such "bodily injury" or .

(iv) "Bodily injury" sustained by the spouse, child, parent, brother or sister of any "employee" of any insured, or of any insured, or of a contractor, subcontractor, or of any "employee" of any contractor or subcontractor as a

> consequence of any injury to any person as set forth in paragraphs (i) and (ii) of this endorsement.
>
> This exclusion applies to all claims and "suits" by any person or organization for damages because of such "bodily injury," including damages for care and loss or services and any claim under which any insured may be held liable under any Workers' Compensation Law."

13. On or about October 6, 2006, defendant, Miller, on the letterhead of Jones Hirsch, provided to Harbin a draft of a letter denying coverage to R. Design for the claims asserted in the <u>Cazho</u> Action, advising that a declaratory judgment action would be commenced to declare Underwriters' coverage obligations and offering to provide R. Design with a defense of the <u>Cazho</u> Action until the declaratory judgment action was decided.

14. The denial letter drafted by defendants was not addressed to, and did not include, Cazho or the co-defendants in the <u>Cazho</u> Action as recipients.

15. On or about November 6, 2006, the disclaimer letter authored by defendants was sent to R. Design by Harbin with no material changes having been made.

16. On or about February 22, 2007, defendants, on behalf of Underwriters, commenced a declaratory judgment action against R. Design in Supreme Court, New York County, under index #10257/07 seeking a declaration that Underwriters were not obligated to defend or indemnify R. Design for any judgment which may be entered against it in the <u>Cazho</u> Action (the "Declaratory Action").

17. The Summons and Complaint in the Declaratory Action failed to join Cazho or the co-defendants in the <u>Cazho</u> Action as parties.

18. By Decision dated August 26, 2008 and Order and Judgment entered January 5, 2009, Justice Martin Schulman of Supreme Court, New York County, granted Underwriters' motion to reargue their motion for summary judgment and, upon reargument, granted Underwriters' summary judgment declaring that they were not obligated to defend or indemnify R. Design in the Cazho Action.

19. On or about February 27, 2009, defendants issued a letter to R. Design advising R. Design that because of the Order and Judgment Underwriters would neither defend nor indemnify it in the Cazho Action and that assigned defense counsel would withdraw from their representation of R. Design in the Cazho Action.

20. The February 27, 2009 letter referred to, above, was copied to the attorneys for Cazho and co-defendants in the Cazho Action.

21. Upon receipt of the February 27, 2009 letter, the attorneys for Cazho and the co-defendants in the Cazho Action advised defendants that Underwriters' declination of coverage was not effective as to them since they had not been provided with copies of the declination letter authored by the defendants and, further, that the Court's holding in the Declaratory Action was not binding upon them as they had not been named as parties in that action.

22. Trial of the Cazho Action commenced in Supreme Court, Queens County with jury selection on February 25, 2010.

23. On March 2, 2010 the Cazho Action was settled during trial, for the total sum of $975,000.

24. Underwriters agreed, on the record, to contribute the sum of $275,000 towards the settlement of the Cazho Action, in recognition of their liability pursuant to

5

Section 3420(a)(2) and (d) of the New York Insurance Law to Cazho and/or the co-defendants, to satisfy the judgment which would be obtained against R. Design.

25. On March 26, 2010, Underwriters paid $275,000 to Cazho and his attorneys pursuant to the settlement reached in open Court.

26. As a direct and proximate result of defendants' aforesaid failure to advise Underwriters and their third-party administrator, Harbin, to send the disclaimer letter to, or provide a copy of it, to Cazho and the co-defendants, and their failure to include Cazho and the co-defendants as parties in the Declaratory Action, plaintiff has been damaged to the extent of its participation in the settlement of the Cazho Action and the attorneys' fees and expenses it incurred in defending the Cazho Action.

### Count I – Negligence

27. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "26", above, inclusive, of the Complaint with the same force and effect as if fully set forth herein.

28. At all times relevant and material hereto, defendants held themselves out to the insurance industry and to the plaintiff as capable and competent providers of legal services, who adhered to accepted professional standards in the practice, and who were skilled and capable in matters related to insurance and insurance coverage.

29. As attorneys retained by plaintiff, defendants owed plaintiff a duty to exercise the skill, prudence and diligence that attorneys of ordinary skill and capacity commonly possess and use in the rendering of their services.

30. Defendants' failure to include the necessary parties in the denial letter and Declaratory Action was careless, reckless, negligent and tortious.

31. As a direct and proximate result of defendants' aforesaid careless, reckless, negligent and tortious acts and omissions, plaintiff has been damaged.

### Count II – Malpractice

32. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "31", inclusive, of the Complaint, with the same force and effect as if fully set forth herein.

33. At all times relevant and material hereto, defendants held themselves out to the insurance industry and to the plaintiff as capable and competent providers of legal services, who adhered to accepted professional standards in the practice, and who were skilled and capable in matters related to insurance and insurance coverage.

34. As attorneys retained by plaintiff, defendants owed plaintiff a duty to exercise the skill, prudence and diligence that attorneys of ordinary skill and capacity commonly possess and use in the rendering of their services, in accordance with the applicable standards of care and practice for legal professionals in New York

35. Defendants' aforesaid acts were a violation of their duty to plaintiff and were not in accordance with the applicable standards of care and practice for legal professionals in New York.

36. As a direct and proximate result of defendants' aforesaid acts and omissions, plaintiff has been damaged.

WHEREFORE, plaintiff demands judgment against defendants, jointly and severally, as follows:

    A. Reimbursement in the amount of plaintiff's contribution to the settlement of the Cazho Action;

B.    Reimbursement of the attorneys' fees and disbursements incurred by plaintiff in defending the <u>Cazho</u> Action;

C.    Pre-judgment interest as permitted by law; and

D.    Such other further and different relief which the Court deems just and proper, together with their costs and disbursements of this action.

Dated: New York, New York
April 23, 2010

ABRAMS, GORELICK, FRIEDMAN &
JACOBSON, P.C.
Attorneys for Plaintiff
Liberty Syndicates at Lloyd's
One Battery Park Plaza – 4th Floor
New York, New York 10004
(212) 422-1200

By: _____
Michael E. Gorelick (MEG-6026)

By: _____
Alexandra Rigney (AEG-8584)