UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
LIBERTY SYNDICATES AT LLOYD'S,      10 CIV 3396 (LMM)(GWG)
ON BEHALF OF ITSELF AND OTHER
INTERESTED UNDERWRITERS AT
LLOYD'S, LONDON,

                Plaintiff,

   -against-

JONES HIRSCH CONNORS & BULL, P.C.,
MILLER & ASSOCIATES, P.C. and
SCOTT E. MILLER, ESQ.,

                Defendants.
-------------------------------------------------------x

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)

                JONES HIRSCH CONNORS & BULL P.C.
                Defendant *Pro Se* s/h/a/ JONES HIRSCH
                CONNORS & BULL, P.C. and Attorney for
                MILLER & ASSOCIATES, P.C. and
                SCOTT E. MILLER, ESQ.
                One Battery Park Plaza, 28th Floor
                New York, New York  10004
                (212) 527-1000

## TABLE OF CONTENTS

|  | page |
|---|---|
| **TABLE OF AUTHORITIES** | ii |
| **PRELIMINARY STATEMENT** | 1 |
| **PROCEDURAL HISTORY** | 2 |
| **FACTS** | 2 |
| **LEGAL ARGUMENT** | 3 |
|     I.  BECAUSE PLAINTIFF HAS NOT ALLEGED THAT EACH AND EVERY "NAME" UNDERWRITING THE SUBJECT POLICY IS COMPLETELY DIVERSE FROM DEFENDANTS IN THIS MATTER, SUBJECT-MATTER JURISDICTION DOES NOT EXIST OVER THIS ACTION. | 5 |
|     II.  BECAUSE PLAINTIFF HAS NOT ALLEGED THAT EACH AND EVERY "NAME" UNDERWRITING THE SUBJECT POLICY HAS AT LEAST $75,000 IN CONTROVERSY IN THIS ACTION, PLAINTIFF HAS NOT ESTABLISHED THAT SUBJECT-MATTER JURISDICTION EXISTS OVER THIS ACTION. | 5 |
| **CONCLUSION** | 6 |

# TABLE OF AUTHORITIES

**CASES**                          **page**

E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co., 160 F.3d 925 (2d Cir. 1998) ............... 1,3,4

Greenberg v. Trace International Holdings, Inc., 1999 U.S. Dist. LEXIS 11985
(S.D.N.Y., August 4, 1999) ............................................................................................ 5

Indiana Gas Co. v. Home Ins. Co., 141 F.3d 314 (7th Cir. 1998) ..................................................... 4

In re Joint E. & S. Dist. Asbestos Litig., 14 F.3d 726 (2d Cir. 1993) ............................................... 3

Leveraged Leasing Administration Corp. v. Pacificorp Capital, Inc., 87 F.3d 44 (2d Cir. 1996) ... 5

Makarova v. U.S., 201 F.3d 110 (2d Cir. 2000) ............................................................................... 6

Manway Constr. Co. v. Housing Authority of Hartford, 711 F.2d 501 (2d Cir. 1983) ................... 3

McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 80 L. Ed. 1135,
56 S. Ct. 780 (1936) ....................................................................................................... 3

United Food & Commercial Workers Union, Local 919 v. Centermark Properties Meriden
Square, 30 F.3d 298 (2d Cir. 1994) ............................................................................... 3

Wis. Dep't of Corr. v. Schacht, 524 U.S. 381, 118 S. Ct. 2047, 141 L. Ed. 2d 364 (1998) ............. 3

**STATUTE**

28 U.S.C. §1332 ..................................................................................................................... 1,2,3,5

**RULE**

Rule 12(b)(1) ................................................................................................................................ 1,6

**FOREIGN LAW**

Society of Lloyd's v. Clementson, [1996] 5 Re.L.R. 215 ................................................................. 4

## **PRELIMINARY STATEMENT**

Plaintiff Liberty Syndicates at Lloyd's, on behalf of itself and other interested Underwriters at Lloyd's, London, brings this action against defendants alleging negligence and malpractice. Lloyd's avers that this Court has original jurisdiction based upon diversity of citizenship and amount in controversy pursuant to 28 U.S.C. §1332(a).

In this matter, governing case law specifically addresses what is necessary for the plaintiff, suing on behalf of itself and other Lloyd's syndicates, to satisfy the subject-matter jurisdiction requirements of 28 U.S.C. §1332. In E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co., 160 F.3d 925 (2d Cir. 1998), the United States Court of Appeals for the Second Circuit explained that Lloyd's uniquely structured insurance policies are underwritten by anonymous "Names" with several (and not joint) liability up to the amount of each Name's investment in a policy risk. The Court held that each and every Name underwriting a policy which is the subject of litigation must be completely diverse, and each Name must also meet the $75,000 amount in controversy requirement of 28 U.S.C. §1332 in order for diversity subject-matter jurisdiction to exist for that action.

This pre-answer motion to dismiss Lloyd's complaint is brought by defendants pursuant to Rule 12(b)(1) on the grounds that this Court lacks subject-matter jurisdiction pursuant to 28 U.S.C. §1332 over this action. The Names underwriting the subject policy (the "Policy") are presently anonymous, and Lloyd's has not alleged that each and every Name is completely diverse from defendants, or that each and every Name has at least an amount of $75,000 in controversy in this case. Accordingly, subject-matter jurisdiction does not lie in this Court.

## PROCEDURAL HISTORY

This action was commenced with the filing and service of Lloyd's complaint (Affidavit of Kerry J. Kaltenbach ["Kaltenbach Aff."], Exhibit A) against defendants. Defendants have not yet answered Lloyd's complaint, and have brought the within motion to dismiss on the grounds that this Court lacks subject-matter jurisdiction over this action.

## FACTS

In its complaint, the plaintiff alleges that it is a United Kingdom based insurer with its principal place of business in London England. Complaint (Kaltenbach Aff., Exhibit A), ¶1. The defendants are all New York citizens. Complaint (Kaltenbach Aff., Exhibit A), ¶¶ 3-5; Kaltenbach Aff. ¶¶5-7. Plaintiff brings its claims "on behalf of itself and other Lloyd's of London Syndicates, who participated in a policy of commercial general liability insurance," "number ML 011202," issued to "R. Design Home Builders, Inc." Complaint (Kaltenbach Aff., Exhibit A), ¶¶ 2, 8. Significantly, in its complaint, plaintiff fails to disclose the identity of those individuals or corporations underwriting or "participating" in the Policy, their investment in the Policy, or their citizenship. Plaintiff alleges that this court has subject matter jurisdiction over the case based upon diversity of citizenship and amount in controversy pursuant to 28 U.S.C. § 1332(a), Complaint (Kaltenbach Aff., Exhibit A) ¶6, but has failed to allege facts demonstrating that such jurisdiction exists. Kaltenbach Aff. ¶4. Lloyd's has not alleged any other basis for federal subject-matter jurisdiction.

In its complaint, plaintiff alleges malpractice and negligence claims against the defendants.

Lloyd's seeks reimbursement of the $275,000 which it contributed to settlement, reimbursement of attorneys fees which it paid to defendants, and pre-judgment interest. Complaint (Kaltenbach Aff., Exhibit A), ¶¶ 24, 25 and *ad damnum* clause.

## LEGAL ARGUMENT

Subject-matter jurisdiction of the federal courts based upon diversity of citizenship, codified at 28 U.S.C. §1332, requires complete diversity of citizenship of all adverse parties. *E.g.* Wis. Dep't of Corr. v. Schacht, 524 U.S. 381, 118 S. Ct. 2047 (1998). Diversity jurisdiction also requires an amount in controversy of at least $75,000. 28 U.S.C. §1332 (a).

Significantly, it is well established in determining whether subject-matter jurisdiction exists that it is "the party asserting jurisdiction [which] bears the burden of proving that the case is properly in federal court and that party may not 'be relieved of [its] burden by any formal procedure.'" United Food & Commercial Workers Union, Local 919 v. Centermark Properties Meriden Square, 30 F.3d 298, 301 (2d Cir. 1994), *citing* McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189, 80 L. Ed. 1135 (1936) *and* In re Joint E. & S. Dist. Asbestos Litig., 14 F.3d 726, 730 (2d Cir. 1993). Where subject-matter jurisdiction in an action brought in the federal court is lacking, dismissal of that case is mandatory. Manway Constr. Co. v. Housing Authority of Hartford, 711 F.2d 501 (2d Cir. 1983).

In E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co., 160 F.3d 925 (2d Cir. 1998), the United States Court of Appeals for the Second Circuit applied a diversity subject-matter jurisdiction analysis to the "unique structure that is Lloyd's of London," which operates "in accordance with age-old custom ... unusual in American business law." E.R. Squibb & Sons, Inc. 160 F.3d at 928 -929.

The Court explained that Lloyd's of London (hereinafter "Lloyd's") is comprised of anonymous underwriters, known as "Names," which invest in a percentage of policy risk. Each Name is exposed to unlimited liability, but only for his or her shares on the policy. Liability of each Name is several and not joint. Insurance from Lloyd's is typically subscribed to by Names belonging to different subgroups known as "syndicates." Although syndicates spread risk among themselves, they have no independent legal identity. E.R. Squibb & Sons, Inc. 160 F.3d at 929, *citing* Society of Lloyd's v. Clementson, [1996] 5 Re.L.R. 215.

Adopting the Seventh Circuit's reasoning in Indiana Gas Co. v. Home Ins. Co., 141 F.3d 314 (7th Cir. 1998)(holding that each Lloyd's "syndicate has the citizenship of each participating 'name'"), E.R. Squibb & Sons, Inc. 160 F.3d at 930-931, the Court in E.R. Squibb & Sons, Inc. held that, in order for diversity jurisdiction to exist, "**each and every Name ... must be completely diverse**" from the adverse parties. E.R. Squibb & Sons, Inc. 160 F.3d at 939 (*emphasis added*).[1] The Court further held that, on the Lloyd's insurance policy at issue, "**each and every Name would still have to satisfy the jurisdictional amount**" in order for diversity jurisdiction to exist. E.R. Squibb & Sons, Inc. 160 F.3d at 933. (*emphasis added*).[2]

---

1. The specific holding of the Court was that "when a Lloyd's lead underwriter is sued in his representative capacity (but not in a class action) each and every Name whom the lead underwriter represents must be completely diverse." E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co., 160 F.3d at 939. *A fortiori*, when a lead underwriter is a plaintiff in an action concerning a policy, each and every Name underwriting that policy must be completely diverse.

2. The Court also explained that analyzing subject matter jurisdiction was made all the more difficult because "we do not know the identity ... of these Names." E.R. Squibb & Sons, Inc. 160 F.3d at 934.

**I. BECAUSE PLAINTIFF HAS NOT ALLEGED THAT EACH AND EVERY "NAME" UNDERWRITING THE SUBJECT POLICY IS COMPLETELY DIVERSE FROM DEFENDANTS IN THIS MATTER, SUBJECT-MATTER JURISDICTION DOES NOT EXIST OVER THIS ACTION.**

In its complaint, plaintiff has not met its burden of alleging facts establishing that each and every Name underwriting policy number ML 011202 is completely diverse from defendants -- that is, that none are citizens of New York State. "It is firmly established that diversity of citizenship 'should be distinctly and positively averred in the pleadings, or should appear with equal distinctness in other parts of the record.'" Leveraged Leasing Administration Corp. v. Pacificorp Capital, Inc., 87 F.3d 44, 47 (2d Cir. 1996)(*citation omitted*). Plaintiff's complaint fails to disclose the identity of those individuals or corporations underwriting or "participating" in the Policy, their investment in the Policy, or their citizenship. Accordingly, plaintiff has not adequately pled that subject-matter jurisdiction exists over this action and, therefore, the complaint should be dismissed.

**II. BECAUSE PLAINTIFF HAS NOT ALLEGED THAT EACH AND EVERY "NAME" UNDERWRITING THE SUBJECT POLICY HAS AT LEAST $75,000 IN CONTROVERSY IN THIS ACTION, PLAINTIFF HAS NOT ESTABLISHED THAT SUBJECT-MATTER JURISDICTION EXISTS OVER THIS ACTION.**

In its complaint, plaintiff has not met its burden of alleging that each and every Name underwriting policy number ML 011202 has at least $75,000 in controversy in this action, exclusive of interest and attorneys' fees. 28 U.S.C. §1332. "The amount in controversy must appear on the face of the complaint or be established by proof that the matter in controversy exceeds $75,000." Greenberg v. Trace International Holdings, Inc., 1999 U.S. Dist. LEXIS 11985 (S.D.N.Y., August 4, 1999), at p. *5. "In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule

12(b)(1), a district court . . . may refer to evidence outside the pleadings" and "[a] plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." Makarova v. U.S., 201 F.3d 110, 113 (2d Cir. 2000).

In the instant case, plaintiff's complaint fails to allege the identity of those individuals or corporations underwriting or "participating" in the Policy, their investment in the Policy, or their citizenship. Without these facts, plaintiff has failed to show that each and every Name participating in the Policy has an individual amount in controversy of at least $75,000. Accordingly, plaintiff has not adequately pled that subject-matter jurisdiction exists over this action and, therefore, the complaint should be dismissed.

## CONCLUSION

For the foregoing reasons, it is respectfully requested that this Court issue an Order pursuant to Rule 12(b)(1), dismissing the plaintiff's complaint with prejudice on the grounds that this Court lacks subject-matter jurisdiction over this action.

Dated: New York, New York
July 26, 2010

JONES HIRSCH CONNORS & BULL P.C.

By: _____
Kerry J. Kaltenbach (KK8045)
Defendant *Pro Se* s/h/a/ JONES HIRSCH
CONNORS & BULL, P.C. and Attorneys for
MILLER & ASSOCIATES, P.C. and
SCOTT E. MILLER, ESQ.
One Battery Park Plaza, 28th Floor
New York, New York 10004
(212) 527-1000

796076